O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG HING WONG, JR., | ) Case No. ED CV 16-2529 RGK (JCG) |
| Petitioner, | ) **ORDER SUMMARILY DISMISSING** |
| v. | ) **ACTION WITHOUT PREJUDICE** |
| SCOTT FRAUENHIEM, | ) |
| Respondent. | ) |

On December 7, 2016, the Court received a "Petition Requesting the Pre-Filing Appointment of Counsel" ("Request") from would-be state habeas petitioner Sang Hing Wong, Jr. ("Petitioner"), a California prisoner proceeding *pro se*. [Dkt. No. 1.] In the Request, Petitioner seeks a court-appointed attorney to help him file a petition for writ of habeas corpus. [Dkt. No. 1 at 3.] However, Petitioner has not filed any such petition in this Court. Accordingly, and for the reasons discussed below, the Court will deny the Request and dismiss this action, without prejudice, for lack of jurisdiction.

As a general matter, the exercise of federal jurisdiction under Article III of the Constitution depends on the existence of a case or controversy. *U.S. Nat'l Bank of Or.*

1   *v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993).  In a state prisoner's

2   federal habeas action, the underlying "controversy" is whether the petitioner is "in

3   custody in violation of the Constitution or laws or treaties of the United States."

4   *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998); 28 U.S.C. § 2254(a).  Here, because

5   Petitioner has filed no federal habeas petition challenging his conviction or sentence,

6   there is no case or controversy to be heard.  *See, e.g., Carr v. California*, 2013 WL

7   3053093, at *2 (C.D. Cal. June 14, 2013).  Accordingly, the Court lacks jurisdiction to

8   consider Petitioner's Request.  *See id.*

9        Notably, many federal district courts in California have reached the same

10   conclusion on similar facts.  Often, a state prisoner will submit a pre-petition request to

11   extend the one-year filing deadline set forth in 28 U.S.C.§ 2244(d)(1).  Courts

12   routinely dismiss, for lack of jurisdiction, the actions commenced by such requests.

13   *See, e.g., Ford v. Warden*, 2008 WL 2676842, at *1 (C.D. Cal. July 7, 2008).  An

14   action commenced by a pre-petition motion for appointment of counsel, though less

15   common, is similarly subject to dismissal for lack of jurisdiction, "with the important

16   exception of [actions commenced by] death-row inmates who . . . move for

17   appointment of counsel, as authorized by [18 U.S.C. § 3599(a)(2)], to aid in petition

18   preparation."  *Thomas v. California*, 2010 WL 373664, at *2 (C.D. Cal. Jan. 28, 2010)

19   (dismissing action commenced by would-be petitioner's request for appointment of

20   counsel).

21        Here, Petitioner has not been sentenced to death.  [*See* Dkt. No. 1 at 10.]  Thus,

22   his pre-petition request for counsel fails to present a case or controversy over which

23   the Court may exercise jurisdiction.  *See Thomas*, 2010 WL 373664, at *2.

24   Accordingly, the Court must dismiss this action.  *See id.*

25        Additionally, for the reasons stated above, the Court finds that Petitioner has not

26   shown that reasonable jurists would find it debatable whether this Court was correct in

27   its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Court

28   thus declines to issue a certificate of appealability.

1        For the foregoing reasons, **IT IS ORDERED** that:

2        1.        The Request be **DENIED**[1];

3        2.        This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**

4    pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

5    District Courts; and

6        3.        A Certificate of Appealability be **DENIED**.

7        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

8

9

10    DATED: December 15, 2016          _____

11                                            HON. R. GARY KLAUSNER
                                          UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

28    [1]        The Court passes no judgment at this juncture as to whether any future action commenced by
      Petitioner may warrant appointment of counsel.